IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Raymond Orrand, et al.,

    Plaintiffs,

  v.                              Case No. 2:13-cv-489
                                  Judge Marbley

Donley's, Inc.,

    Defendant.

---

Raymond Orrand, et al.,

    Plaintiffs,

  v.                              Case No. 2:13-cv-556
                                  Judge Frost

Cleveland Concrete
Construction, Inc.,

    Defendant.

---

Raymond Orrand, et al.,

    Plaintiffs,

  v.                              Case No. 2:13-cv-556
                                  Judge Graham

B&B Wrecking & Excavating,
Inc.,

    Defendant.

Raymond Orrand, et al.,

    Plaintiffs,

v.

Precision Environmental Company,

    Defendant.

Case No. 13-cv-900
Judge Sargus

## ORDER

On December 17, 2013, plaintiffs filed a motion for clarification of the joint order dated December 16, 2013, staying the above cases pending a decision from the National Labor Relations Board ("the Board") in the jurisdictional dispute between Local 18 of the International Union of Operating Engineers ("Operating Engineers"), local unions of the Laborers' International Union of North America ("Laborers' International"), and the defendant employers. Plaintiffs also requested a reconsideration of the stay.

Plaintiffs' motion for clarification is granted. Plaintiffs correctly note that they, being the administrator and trustees of the Ohio Operating Engineers pension and welfare benefit funds, are not parties to the proceedings currently pending before the Board. The term "parties" as used in the order of December 16, 2013, referred only to the parties to the proceedings before the Board.

Plaintiffs' motion for reconsideration of the order to stay entered on December 16, 2013, is denied. Like plaintiffs in the instant case, the plaintiffs in <u>Trustees of the B.A.C. Local 32 Insurance Fund v. Ohio Ceiling and Partition Co., Inc.</u>, 48 Fed.Appx. 188, 197 (6th Cir. 2002) also "[e]mphasiz[ed] their role as fiduciaries for the funds" and attempted to "distance themselves

2

from any claim by Local 32 that it had a right to the work." The Sixth Circuit commented in response that "plaintiffs should not be able to establish an entitlement to contributions for work assigned to another union claiming jurisdiction over the work without invoking procedures for resolving the jurisdictional work assignment issue." Id. at 198 (citing Carpenters Fringe Benefit Funds v. McKenzie Eng'g., 217 F.3d 578 (8th Cir. 2000)). Although plaintiffs in this case are not parties to the proceedings before the Board, their claims regarding the funds' entitlement to contributions may be impacted by the Board's resolution of the jurisdictional dispute. See id. at 197 (citing Int'l Union, United Auto., Aerospace and Agric. Implement Workers (UAW) and its Local 1519 v. Rockwell Int'l Corp., 619 F.2d 580, 584-85 (6th Cir. 1980)). A stay of these cases pending the Board's resolution of the unions' jurisdictional dispute is appropriate.

It is so ordered.

Date: 12-19-2013

Edmund A. Sargus, Jr.
United States District Judge

Algenon L. Marbley
United States District Judge

Gregory L. Frost
United States District Judge

3

*/s/ James L. Graham*
James L. Graham
United States District Judge